## CIRCUIT COURT OF FAIRFAX COUNTY

Aetna Cas. and Sur. Co. et al.

v.

Shea et al.

March 14, 1990

Case No. (Law) 65584

By JUDGE JOHANNA L. FITZPATRICK

Aetna Casualty and Surety Co. ("Aetna"), General Glass Corp. ("General Glass"), and Allstate Insurance Co. ("Allstate") each seek summary judgment in this Declaratory Judgment action. This Court heard argument on March 9, 1990. For the reasons stated below, summary judgment is denied.

The posture of this case is somewhat complicated and need not be fully recited at this time. For present purposes, it will suffice to note that Aetna and General Glass filed the instant Declaratory Judgment action to resolve their potential liability in an underlying negligence suit also pending in this Court (At Law No. 61598). Allstate is named as a defendant in this Declaratory Judgment action. To this end, Aetna and General Glass have propounded Requests for Admission which purport to resolve certain factual and legal issues concerning the circumstances of the accident in which Beatrice Ann Hess was killed. Now that twenty-one days have elapsed since service of these Requests, these parties argue that the Requests must be taken as admitted, thus establishing the basis for summary judgment in their favor. Lastly, Allstate has filed its own Requests for Admission and now make a similar claim in support of its Motion for Summary Judgment.

The problem with the approach being attempted here is that Mr. Shea, the key figure in this suit, was served with both the Alias Motion for Judgment and the Motion for Declaratory Judgment by substitute service upon the Commissioner of the Virginia DMV. The Requests for Admission were likewise served only on the Commissioner of the DMV. To date Mr. Shea has made no appearance in this action.

As indicated from the bench, this is not the proper context in which to invoke Rule 4:11's provision for deeming matters admitted, particularly as against other parties (here the decedent's estate). Instead, the Court will exercise its broad discretion over discovery (reflected specifically in Rule 4:11 itself) and rule that unanswered Requests for Admission simply do not establish the proper foundation for summary disposition given the substitute service employed in this case. All motions for summary judgment are therefore denied.